**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| HOYT RAY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )   CIVIL NO. 10-122-GPM |
| | ) |
| RANDY DAVIS, | ) |
| | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Petitioner, currently incarcerated in the Pinckneyville Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his confinement. Specifically, Petitioner challenges his conviction for aggravated battery with a firearm in the Circuit Court for Madison County, Illinois. He also filed motions for leave to proceed *in forma pauperis* and for appointment of counsel.

The Court finds that Petitioner is indigent and unable to pay the full filing fee in advance; therefore, the motion for leave to proceed *in forma pauperis* (Doc. 2) is **GRANTED**.[1]

With regard to the motion for appointment of counsel, it is well-settled that due process does not require appointment of counsel for indigent prisoners pursuing state postconviction remedies or federal habeas relief. *See Pruitt v. Mote*, 503 F.3d 647, 657 (7th Cir. 2007) (citing cases). Rather,

---

[1] The partial payment provisions of the Prison Litigation Reform Act (PLRA) are inapplicable to this case. *See Walker v. O'Brien*, 216 F.3d 626, 634 (7th Cir. 2000) ("If a case is properly filed as an action under 28 U.S.C. §§ 2241, 2254, or 2255, it is not a 'civil action' to which the PLRA applies.").

appointment of counsel in such cases rests "in the sound discretion of district courts unless denial would result in fundamental unfairness impinging on due process rights." *LaClair v. United States*, 374 F.2d 486, 489 (7th Cir. 1967).  If the interests of justice so require, representation may be provided under 18 U.S.C. § 3006A for any financially eligible person seeking relief under 28 U.S.C. §§ 2241, 2254, or 2255.  18 U.S.C. § 3006A(a)(2)(B).  Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts requires appointment of counsel where an evidentiary hearing is found to be warranted, but appointment under § 3006A is not limited to any certain stage of the proceeding.  In exercising its discretion, a court should ask, "given the difficulty of the case in relation to the petitioner's competence to represent himself," whether the petitioner (1) could obtain justice "without the aid of a lawyer," (2) could obtain a lawyer on his own, and (3) would have "a reasonable chance of winning his case [if] he had a lawyer." *Dellenbach v. Hanks*, 76 F.3d 820, 823 (7th Cir. 1996).

At this point in these proceedings, the Court has not determined whether an evidentiary hearing is warranted.  In fact, Respondent has yet to respond to the petition.  It appears from the motion that Petitioner has attempted to recruit counsel on his own behalf but has been unsuccessful.  Petitioner has capably filed his petition and a request for counsel.  At this early stage, the Court is unable to determine whether a lawyer's assistance is essential to Petitioner being able to press his claim effectively.  *See Dellenbach*, 76 F.3d at 823.  Therefore, the motion for appointment of counsel (Doc. 3) is **DENIED without prejudice**.

**IT IS HEREBY ORDERED** that Respondent shall, within twenty-three (23) days of receipt of this application for Writ of Habeas Corpus, answer and show cause why the writ should not issue.

Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph,

12th Floor, Chicago, Illinois 60601 shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule of the United States District Court for the Southern District of Illinois 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice will result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: 09/17/10

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge