# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HOYT RAY, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Civil Case No. 10-122-DRH-PMF |
| RANDY DAVIS, Warden, | ) ) ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is Hoyt Ray's § 2254 petition for a writ of habeas corpus (Doc. No. 1, 20). Ray is confined at Pinckneyville Correctional Center, serving a 25-year sentence. He challenges his conviction for aggravated battery with a firearm, one of two convictions received following a jury trial in Madison County Circuit Court in 2001.

### I. Background

Ray was charged with aggravated battery with a firearm and unlawful possession of a weapon by a felon. Both charges stemmed from a shooting in a motel hallway following a pizza delivery. After Richard Rodden delivered a replacement pizza to Ray and Ray's girlfriend, he was shot twice, once in the chest and also in the back.

Ray testified in his own behalf. His description of the events leading up to the shooting differed significantly from the testimony provided by Rodden, who survived his wounds and positively identified Ray as the person who shot him. Additional witnesses described the motel hallway, recovered spent casings, a recovered pistol and live ammunition, ballistics test results, and statements made by Ray about the shooting.

When he testified, Ray described an accidental shooting following a tussle over his gun. Ray's prior statements were markedly inconsistent with his trial testimony. He had, at various times, attributed the shooting to Yvonne Friesland (his girlfriend), an unknown individual, and himself. On the occasion when he admitted firing a weapon at Rodden, he described the gun as a starter pistol loaded with blank ammunition.

Before and during the trial, Ray was represented by attorney Billy Hahs. Hahs filed pretrial motions seeking an order suppressing Ray's inconsistent statements and other evidence. Hahs also obtained a fitness evaluation, subpoenaed lab records, and interviewed witnesses. He visited the motel and took photographs. At trial, he conducted voir dire, made an opening statement, cross-examined the state's witnesses, called Ray as a defense witness, argued motions, made a closing argument, raised objections, and submitted proposed jury instructions. After the trial, Hahs prepared and filed a motion seeking a new trial. At sentencing, he argued factors in mitigation.

The jury was persuaded by the state's evidence. The prosecution requested a 30-year sentence. A 25-year sentence was imposed.

On direct appeal, Ray was represented by attorney Janet Gandy-Fowler. He challenged his conviction on the basis that he had been deprived of effective assistance of trial counsel. That claim was based on Mr. Hahs's failure to (a) request a severance and (b) stipulate to Ray's prior felony conviction. The Illinois Appellate Court affirmed Ray's conviction, finding that Mr. Hahs' decisions could be attributed to sound trial strategy and that there was no reasonable probability that better lawyering would have changed the outcome of the trial (Doc. No. 11-7).

Ray filed a petition for leave to appeal to the Illinois Supreme Court, raising effective assistance of trial counsel. The petition was denied.

During post-conviction proceedings, Ray was represented by attorney John Delaney, who filed an Amended Post-Conviction Petition, supported by Ray's affidavit (Doc. No. 16). Numerous issues were raised, including Sixth Amendment claims based on the level of assistance provided by counsel at trial and on direct appeal, Fourteenth Amendment due process and equal protection claims, and an Eighth Amendment claim of an excessive sentence. Following an evidentiary hearing, Ray's petition for post-conviction relief was denied.

On appeal from the denial of the post-conviction proceedings, Ray was represented by attorney Nancy Vincent. Ray again argued that his trial counsel had provided ineffective assistance. This time, the professional error was described as a failure to object to the prosecutor's closing argument and accompanying hand gesture. The Illinois Appellate Court rejected the argument, and Ray petitioned the Illinois Supreme Court for leave to appeal. The petition raised discovery, due process, venue, substitution of judge, equal protection, prosecutorial misconduct, and ineffective assistance of counsel issues. The petition for leave to appeal was denied.

Liberally construing the allegations in Ray's petition, ten grounds for federal habeas relief are proposed. To facilitate discussion, Ray's claims are reorganized and numbered as follows:

1. The prosecution failed to disclose evidence favorable to the defense

2. The prosecution knowingly presented false witness testimony at trial

3. Trial counsel provided ineffective assistance by
   a. failing to call defense witnesses
   b. providing representation after he was fired
   c. participating in private judicial proceedings without Ray being present
   d. refusing to impeach a key prosecution witness
   e. refusing to file motions seeking a different venue and a different judge
   **f. failing to stipulate to facts and ask for severance**
   **g. failing to object to prosecutor's hand gestures during closing argument**
   h. allowing the prosecution to present false testimony
   i. developing testimony from Ray by using a hostile line of questioning

3

4. The trial court failed to rule on pre-trial motions

5. The trial court allowed the prosecution to recall a hostile witness

6. The sentencing court imposed an excessive sentence

7. The trial court conducted private proceedings without Ray's presence

8. The state did not provide a timely direct appeal

9. Appellate counsel failed to provide effective assistance by refusing to raise issues

10. Post-conviction counsel failed to provide adequate assistance by restricting the issues and by failing to subpoena witnesses

11. Post-conviction appellate counsel failed to provide adequate assistance by limiting the appeal to a single issue

Respondent maintains that all except the two subparts of Ground 3 (highlighted in bold type above) are barred by the doctrine of procedural default. Respondent also argues that the two subparts of Ground 3 that were not procedurally defaulted lack merit. Ray responds that he preserved all issues for habeas review during the post-conviction proceedings. He further maintains that the Illinois Appellate Court did not engage in a qualified analysis of his legal claims (Doc. No. 13).

## II. Procedural Default

When a petitioner seeks habeas relief on a Constitutional issue that was not presented to the state courts by "invoking one complete round of the state's established appellate review process," the issue may only be reviewed upon a showing of cause and prejudice, unless there will be a fundamental miscarriage of justice if the claim is ignored. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *McGee v. Bartow*, 593 F.3d 556, 565 (7th Cir. 2010); 28 U.S.C. § 2254(b)(1)(A). The procedural default doctrine is a corollary to the exhaustion requirement and rests on the principle that federal courts will not disturb state court judgments supported by adequate and independent grounds. *Dretke v. Haley*, 541 U.S. 386, 392 (2004).

**Grounds 1 and 2**. These prosecutor misconduct claims are based on the State's alleged failure to disclose favorable evidence (Ground 1) and presentation of false testimony (Ground 2). It appears that some of the facts supporting these grounds were not available to Ray on direct appeal. Hence, these grounds are defaulted if Ray did not raise them throughout the state post-conviction proceedings. As noted above, prosecutorial misconduct claims were not raised on appeal after the amended post-conviction petition was denied. To the extent that Ray suggests that the procedural default is excused by cause and prejudice, that argument is addressed below.

**Ground 3, subparts (a), (b), (c), (d), (e), (h), and (i).** These portions of Ray's ineffective assistance of trial counsel claim are also in procedural default. Ray did not include these subparts in his direct appeal. Also, he did not raise these concerns about trial counsel's performance throughout the post-conviction proceedings. None of these arguments were tendered on appeal as grounds to reverse the denial of post-conviction relief.

**Ground 4.** Facts supporting this claim – that the trial court failed to resolve certain pretrial motions – were filed with the Clerk and were part of the record on appeal (Doc. No. 20). Hence, this claim is in default because Ray did not raise the claim on direct appeal or in his petition for leave to appeal.

**Ground 5.** The claim regarding the prosecution's recall of a hostile witness was available to Ray on direct appeal. The claim was defaulted when it was omitted from the direct appeal and the petition for leave to appeal.

**Ground 6.** The challenge to Ray's 25-year sentence was available on direct appeal. This claim is in procedural default because it was omitted from the direct appeal and the petition for leave to appeal.

5

**Ground 7**. Facts supporting Ray's challenge to private judicial proceedings conducted outside his presence may not have been available on direct appeal. This ground was defaulted when Ray did not raise the issue throughout the post-conviction proceedings.

**Ground 8.** The issue regarding the timeliness of the direct appeal could have been raised on direct appeal. The issue was not raised on direct appeal or in the petition for leave to appeal and is in default.

**Ground 9.** Concerns regarding appellate counsel's efforts could have been raised during the post-conviction proceedings. The issue was defaulted when it was omitted from the appeal from the denial of the Amended Post-Conviction Petition.

**Ground 10.** Concerns regarding post-conviction counsel's efforts could have been raised on appeal from the denial of the Amended Post-Conviction Petition. This issue was not raised and is in procedural default.

**Ground 11.** Ray's concerns regarding post-conviction appellate counsel's efforts were raised when Ray asked the Illinois Supreme Court to accept an appeal (Doc. No. 11-14, pp. 4, 11). There is no indication that this claim should have been raised in another state court proceeding. Accordingly, this issue is not in procedural default and is ripe for habeas review.

**Cause & Prejudice.** Procedural defaults are subject to a cause and prejudice exception. The term "cause" refers to an event external to the petitioner – something that cannot be fairly attributed to him that prevented him from presenting his claim to the state court at the appropriate time. *Coleman v. Thompson*, 501 U.S. 722, 753 (1991). When preserved, a meritorious ineffective assistance of counsel claim can qualify as cause for a procedural default, provided that effective assistance of counsel was constitutionally mandated. *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986); *Coleman v. Thompson*, 501 U.S. at 757.

Ray encouraged his counsel on direct appeal appellate to raise issues beyond the claim that trial counsel was ineffective for failing to stipulate to facts and request a severance. Ms. Gandy-Fowler declined to raise issues that could not be gleaned from the record on appeal.

Ray's suggestion that Ms. Gandy-Fowler provided ineffective assistance on direct appeal does not excuse Ray's procedural defaults. Ray could have raised his concerns regarding issue selection during his appeal from the denial of his post-conviction petition. He did not (Doc. No. 11-11). Because Ray did not give the Illinois Appellate Court a fair opportunity to consider his concerns regarding Ms. Gandy-Fowler's representation during the direct appeal, the ineffective assistance of appellate counsel rationale is not preserved and does not excuse the procedural default. *See Edwards v. Carpenter*, 529 U.S. 446, 452-54 (2000).

Ray's concerns regarding the issues selected by post-conviction counsel on appeal also do not demonstrate cause. Because Ray has no constitutional right to assistance from counsel during those proceedings, any error in limiting the issues raised in support of a post-conviction remedy is not an excuse for a procedural default. *Szabo v. Walls,* 313 F.3d 392, 397 (7th Cir.2002).

Because there is no showing of cause, the element of prejudice is not reached. Moreover, Ray does not claim that failure to consider his defaulted claims will result in a fundamental miscarriage of justice.

In sum, the Court should decline to consider the merits of the following habeas claims: Grounds 1, 2, 3 (subparts a, b, c, d, e, h, and I), 4, 5, 6, 7, 8, 9, and 10.

### III. Ground 3(f) – Trial Counsel's Failure to Stipulate to Facts or Request Severance

In this claim, Ray argues that his trial counsel provided ineffective assistance by failing to (1) stipulate to facts supporting the possession of a weapon by a felon count and (2) seek a

severance. The state court recognized that these legal tools were available to trial counsel. The Court reviewed the entire trial proceedings and applied the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 689 (1984). The Illinois Appellate Court decided that Ray had not overcome the strong presumption that counsel's conduct reflected reasonable trial strategy. The decision to proceed on both counts was plausibly explained as a sound effort to avoid a finding of guilt on the far more serious charge of aggravated battery with a firearm. The Illinois Appellate Court also decided that the jury did not have a difficult decision and that better lawyering would not have changed the outcome in any way (Doc. No. 11-7, pp. 4-7).

This Court's role is to decide whether the state court's decision was contrary to or involved an unreasonable application of clearly established Supreme Court law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d).

In an effort to show that the state court's decision was unreasonable, Ray points to the language used to describe his conduct, which included a reference to "cold pizza" and the remark that he "treated his pizza delivery guy to lead rather than silver" (Doc. No. 11-7, p. 1). He believes these statements demonstrate that the Illinois Appellate Court misconstrued the facts.

The writing style employed on appeal does not detract from the reasonableness of the state court's factual determinations regarding trial counsel's decisions. *See Ben-Yisrayl v. Buss*, 540 F.3d 542, 549 (7th Cir. 2008)(recognizing that this requirement is met when a factual determination lies against the clear weight of the evidence). The Illinois Appellate Court was not unreasonable when deciding that Hahs might employ a strategy by proceeding on two counts – without stipulating to Ray's prior felony conviction – in order to reduce the likelihood that Ray would be found guilty on

8

the more serious charge. It could be viewed as an acceptable trade-off. Moreover, the Illinois Appellate Court reasonably decided that better lawyering would not have changed the outcome. In short, habeas relief is not available on Ground 3(f) because the Illinois Appellate Court reasonably applied the 2-part *Strickland* standard.

> **IV. Ground 3(g) – Ineffective Assistance of Trial Counsel – Failure to Object to Prosecutor Hand Gesture During Closing Argument**

In this claim, Ray argues that his trial counsel provided ineffective assistance by failing to object to an inappropriate hand signal made by the prosecutor during closing argument.

The Illinois Appellate Court decided that Hahs's performance was not inadequate and the failure to object to the prosecution's minimizing hand gesture could not have contributed to Ray's conviction (Doc. No. 11-13). In making this decision, the Court found that Hahs did not make a contemporaneous objection or move for a mistrial because he did not observe the prosecutor make a hand gesture while he listened intently to the remarks being made during closing argument. The Court further decided that, assuming the prosecutor made a "minimizing gesture" when referencing reckless conduct, any attorney error (failure to notice the gesture or failure to object or move for a mistrial when the nature of the gesture was later discovered) was trifling and did not contribute to Ray's conviction.

Ray tenders no argument in favor of this ground. Hence, there is no basis to conclude that the Illinois Appellate Court's decision is contrary to or involved an unreasonable application of *Strickland*.

> **V. Assistance Provided on Post-Conviction Appeal.**

Ray's concerns regarding the quality of representation provided on appeal from the denial of his amended post-conviction petition could not support habeas relief. Habeas relief is not

available as a remedy for ineffectiveness or incompetence of post-conviction counsel. 28 U.S.C. § 2254(I). Moreover, habeas relief must only be awarded when a person is in custody in violation of the Constitution. 28 U.S.C. § 2254(a). The Sixth Amendment's guarantee of effective counsel does not extend to post-conviction proceedings. *Coleman v. Thompson*, 501 U.S. 722, 752 (1991).

## VI. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Hoyt Ray's § 2254 petition for a writ of habeas corpus (Doc. No. 1, 20) be DENIED.

**SUBMITTED:   April 20, 2011  .**

    **S/Philip M. Frazier**
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**