IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| HOYT RAY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 3:10-cv-00122-DRH |
| | ) | |
| RANDY DAVIS, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM and ORDER**

**HERNDON, Chief Judge**

**I. Introduction**

This matter comes before the Court on Magistrate Judge Frazier's Report and Recommendation ("the Report") recommending that the Court deny Ray's petition for writ of habeas corpus (Doc. 22). Ray filed timely objections to the Report (Doc. 23). Based on the following, the Court **ADOPTS** the Report in its entirety.

**II. Background**

Following the shooting of a pizza deliveryman in a motel hallway, Ray was charged with aggravated battery with a firearm and unlawful possession of a weapon by a felon. Ray testified on his own behalf at trial. His trial testimony was notably inconsistent with his prior statements and the testimony provided by the

victim of the shooting, who positively identified Ray as the person who shot him. The jury convicted Ray, and a twenty-five-year sentence was imposed. Attorney Billy Hahs represented Ray before trial, during trial, and at sentencing, and Hahs also prepared and filed a motion seeking a new trial.

Attorney Janet Gandy-Fowler represented Ray on direct appeal, where Ray challenged his conviction by claiming that he was deprived of effective assistance of trial counsel due to Hahs's failure to (1) request a severance and (2) stipulate to Ray's prior felony conviction. Finding that Hahs's decisions were indicative of sound trial strategy, the Illinois Appellate Court affirmed the conviction. The court found that there was no reasonable probability that the outcome of the trial would have differed if Ray had received the assistance of a better lawyer.

Ray then filed a petition for leave to appeal to the Illinois Supreme Court, challenging the effective assistance of Hahs, his trial counsel. The court denied that petition.

Attorney John Delaney then represented Ray and filed an Amended Post-Conviction Petition, raising (1) Sixth Amendment effective assistance of counsel claims regarding both Hahs and Gandy-Fowler, (2) Fourteenth Amendment due process and equal protection claims, and (3) an Eighth Amendment excessive sentence claim. Ray's petition for post-conviction relief was denied following an evidentiary hearing.

Ray was then represented by attorney Nancy Vincent, who filed an appeal on the denial of the post-conviction proceedings, again challenging the effective

assistance of trial counsel, but contending that the error was a failure to object to the prosecutor's closing argument and accompanying hand gesture. The Illinois Appellate Court rejected this argument. After Ray petitioned the Illinois Supreme Court for leave to appeal, raising discovery, due process, venue, substitution of judge, equal protection, prosecutorial misconduct, and ineffective assistance of counsel claims, the court denied the petition.

Ray filed this petition on February 12, 2010. As Judge Frazier concisely laid out in the Report, Ray's claims are as follows:

1. The prosecution failed to disclose evidence favorable to the defense
2. The prosecution knowingly presented false witness testimony at trial
3. Trial counsel provided ineffective assistance by:
    a. Failing to call defense witnesses
    b. Providing representation after he was fired
    c. Participating in private judicial proceedings without Ray being present
    d. Refusing to impeach a key prosecution witness
    e. Refusing to file motions seeking a different venue and a different judge
    f. Failing to stipulate to facts and ask for a severance
    g. Failing to object to the prosecutor's hand gestures during closing argument
    h. Allowing the prosecution to present false testimony
    i. Developing testimony from Ray by using a hostile line of questioning
4. The trial court failed to rule on pre-trial motions
5. The trial court allowed the prosecution to recall a hostile witness
6. The sentencing court imposed an excessive sentence
7. The trial court conducted private proceedings without Ray's presence
8. The state did not provide a timely direct appeal
9. Appellate counsel failed to provide effective assistance by refusing to raise issues
10. Post-conviction counsel failed to provide adequate assistance by restricting the issues and by failing to subpoena witnesses
11. Post-conviction appellate counsel failed to provide adequate assistance by limiting the appeal to a single issue

Judge Frazier issued the Report on April 20, 2011. In the Report, Judge Frazier found that Grounds 1, 2, 3(a), 3(b), 3(c), 3(d), 3(e), 3(h), 3(i), 4, 5, 6, 7, 8, 9, and 10 were barred by the doctrine of procedural default and could not be saved by the cause and prejudice exception. Further, the Report recommends denying Grounds 3(f) and 3(g) since the Illinois Appellate Court's decisions were not unreasonable. Lastly, Judge Frazier recommends denying Ground 11 since habeas relief is not available as a remedy for ineffectiveness of post-conviction counsel. In total, the Report recommends denying Ray's § 2254 petition for writ of habeas corpus.

Ray filed objections to the Report on May 3, 2011. Since timely objections have been filed, this Court must undertake *de novo* review of the Report. 28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). The Court may "accept, reject or modify the recommended decision." *Willis v. Caterpillar Inc.*, 199 F.3d 902, 904 (7th Cir. 1999). In making this determination, the Court must look at all the evidence contained in the record and give fresh consideration to those issues to which specific objection has been made.

### III. Legal Standard

**A.    28 U.S.C. § 2254**

The standards of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) govern this Court's review of Ray's § 2254 petition. AEDPA permits a federal court to issue a writ of habeas corpus if the state court reached a decision

on the merits of a claim that was either (1) "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Martin v. Grosshans*, 424 F.3d 588, 590 (7th Cir. 2005) (citing 28 U.S.C. § 2254(d)).

For a state court's decision to be "contrary to . . . clearly established federal law as established by the United States Supreme Court," it must be "substantially different from relevant [Supreme Court] precedent." *Washington v. Smith*, 219 F.3d 620, 628 (7th Cir. 2000) (citation omitted). This typically involves a state court "appl[ying] a rule different from the governing law set forth in [Supreme Court] cases" or "decid[ing] a case differently than [the Supreme Court] on a set of materially indistinguishable facts." *Bell v. Cone*, 535 U.S. 685, 694, 122 S. Ct. 1843, 152 L. Ed. 2d 914 (2002) (citing *Williams v. Taylor*, 529 U.S. 362, 404-05, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000)).

A state court's decision "involve[s] an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States," if it is "objectively unreasonable." *Bell*, 535 U.S. at 694-95. Notably, "an unreasonable application is different from an incorrect one"—meaning that a district court is not allowed to merely substitute its own judgment as to what it believes is the correct outcome, absent a finding that the state court's decision was unreasonable. *Id.*; *see also Washington*, 219 F.3d at 628. It is also important to

note that an "objectively unreasonable" state court decision need not cite or even demonstrate awareness of relevant Supreme Court cases, "so long as neither the reasoning nor the result of the state court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8, 123 S. Ct. 362, 154 L. Ed. 2d 263 (2002). As the Supreme Court has stated, "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, —U.S.—, —, 131 S. Ct. 770, 786, 178 L. Ed. 2d 624 (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)).

**B.     Procedural Default**

"Failure to present fairly claims through one complete round of state court review works a procedural default, barring a federal court from review of the substance of a habeas petition, unless a petitioner can establish cause and prejudice to excuse the default or can establish that failure to consider his claims will result in a fundamental miscarriage of justice." *McGee v. Bartow*, 593 F.3d 556, 565 (7th Cir. 2010). The procedural default doctrine rests on the principle that federal courts will not disturb state court judgments supported by adequate and independent grounds. *Dretke v. Haley*, 541 U.S. 386, 392 (2004).

### IV. <u>Analysis</u>

**A.     Grounds that are in Procedural Default**

This Court finds that all of Ray's claims, with the exception of his ineffective

assistance of trial counsel and post-conviction counsel claims laid out in Grounds 3(f), 3(g), and 11. are barred by the doctrine of procedural default.  Grounds 1 and 2, claiming prosecutorial misconduct, were not raised on appeal after the amended post-conviction petition was denied. Ray's ineffective assistance of trial counsel claims laid out on Grounds 3(a), (b), (c), (d), (e), (h), and (i) were not raised on direct appeal and were neglected in Ray's argument on appeal to reverse the denial of post-conviction relief. Ground 4, Ray's claim that the trial court failed to rule on pre-trial motions, was not included in either his direct appeal or his petition for leave to appeal. Ray's claim that the trial court allowed the prosecution to recall a hostile witness, Ground 5, was absent in his direct appeal and his petition for leave to appeal. Ground 6, Ray's challenge that his sentence is excessive, was omitted from both his direct appeal and his petition for leave to appeal. Ray's contention that the trial court conducted private proceedings without Ray present, Ground 7, was not raised throughout his post-conviction proceedings. Ground 8, the argument that the state of Illinois did not provide a timely direct appeal, was omitted from both the direct appeal and the petition for leave to appeal. Ray's claim that appellate counsel failed to provide effective assistance, as indicated in Ground 9, was not raised in Ray's appeal from the denial of his amended post-conviction petition. Lastly, Ground 10, Ray's argument that post-conviction counsel failed to provide adequate assistance, was also omitted from Ray's appeal from the denial of his amended post-conviction petition. As none of the above grounds were presented to the Illinois courts

through one complete round of Illinois's appellate review process, those grounds are in procedural default.

If Ray's claims meet the cause and prejudice exception, however, this Court may still review them. *O'Sullivan*, 526 U.S. at 845. The Supreme Court has explained that "'cause' under the cause and prejudice test must be something *external* to the petitioner, something that cannot fairly be attributed to him." *Coleman*, 501 U.S. at 753. This requires the petitioner to "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Id.* Attorney ignorance or inadvertence is not "cause" because the attorney is the petitioner's agent when acting or failing to act, and the petitioner must bear the risk of attorney error. *Id.* (citations omitted). Nothing from the record suggests that a factor external to Ray's defense prevented him from raising all his arguments at each level of the Illinois appellate review process. Ray appears to contend in his petition that his counsel on direct appeal failed to address all arguments and that therefore this meets the cause exception. However, as noted above, the attorney's failure to include certain arguments while acting in Ray's interest is not "cause" as she was acting as Ray's agent and not externally to his defense.

Ground 3(a) is the only claim addressed by Ray in his objections to the Report. This is the claim that Hahs, Ray's trial counsel, provided ineffective assistance by failing to call defense witnesses. Ray argues that since Gandy-Fowler, his attorney on direct appeal, refused to include this claim, he should not

be prejudiced by her decision to do so. Further, he contends that he included this argument in his post-conviction petition for relief, and thus the argument should be preserved. The Court denies this argument for two reasons. First, nowhere in his Petition for Post-Conviction Relief does Ray include this argument (Doc. 11-10, p. 10-11). Second, even if Ray did include this argument in his post-conviction petition, he still would not have established "cause." As explained above, the decisions made by his attorney on direct appeal were in his interest as his attorney was acting as his agent. The failure of his attorney to include this argument does not constitute an external factor as necessitated to establish "cause" under the Supreme Court's precedent. Therefore, the cause and prejudice exception does not save any of Ray's claims that are procedurally defaulted, and this Court denies these claims.

**B.       Ineffective Assistance of Trial Counsel Claims – Grounds 3(f) and 3(g)**

Ray's claim that he received ineffective assistance of counsel is pursued under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Under *Strickland*, a defendant must demonstrate (1) that his counsel's performance was deficient when measured against prevailing standards of professional reasonableness, and (2) that the deficient performance prejudiced his defense. *Ebert v. Gaetz*, 610 F.3d 404, 411 (7th Cir. 2010) (citing *Strickland*, 466 U.S. at 689-92, 104 S. Ct. 2052). When reviewing a claim of ineffective assistance of counsel in habeas petitions, the federal court must honor any "reasonable" state court decision as "only a clear error in applying *Strickland*'s standard would

support a writ of habeas corpus." *Holman v. Gilmore*, 126 F.3d 876, 882 (7th Cir. 1997). Thus, although the standards governing review under § 2254 are "highly deferential," *Strickland*, 466 U.S. at 689; *Lindh v. Murphy*, 521 U.S. 320, 334 n.7, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997), when applying the standards of *Strickland* and § 2254(d) "in tandem, review is 'doubly' so." *Harrington*, 131 S. Ct. at 788 (citing *Knowles v. Mirzayance*, 556 U.S. 111, 129 S. Ct. 1411, 1420, 173 L. Ed. 2d 251 (2009)). When § 2254(d) applies, the question becomes whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard. *Harrington*, 131 S. Ct. at 788.

In his petition, Ray contends that Hahs, his trial counsel, was ineffective first by failing to stipulate to facts supporting the possession of a weapon by a felon count and failing to seek a severance. The Illinois Appellate Court rejected this argument, determining that these decisions were made to avoid a finding of guilt on the more serious charge of aggravated battery with a firearm and that they demonstrated sound trial strategy. Further, the Illinois Appellate Court determined that even if Hahs had stipulated to these facts and sought a severance, the outcome would still have remained the same. Finding that the Illinois Appellate Court's determinations were reasonable, the Report recommends denying Ground 3(f). Ray makes no objections to this specific recommendation of the Report. This Court finds that the Appellate Court was reasonable in holding that Hahs satisfied the *Strickland* standard as the court found that he acted in a professional, reasonable manner and that his assistance did not prejudice Ray.

*Harrington*, 131 S. Ct. at 788. Therefore, Ground 3(f) is denied.

Ray also argues that his trial counsel was ineffective by failing to object to an inappropriate hand signal made by the prosecutor during closing argument. Regardless of this failure, the Illinois Appellate Court determined that Hahs's assistance was not ineffective. The court noted that Hahs did not see the gesture made during closing argument because he was listening intently to the prosecutor for objectionable statements. Further, the outcome of the trial would not have differed even if Hahs had objected. Since Ray made no argument in favor of this claim, Judge Frazier found that there was no basis to conclude that the Appellate Court's decision was contrary to or involved an unreasonable application of *Strickland*. Again, Ray neglects to make any argument against this finding in his objections to the Report. As this Court finds that Ray therefore has not overcome his high burden of establishing that *Strickland* has not been met, Ground 3(g) is denied.

### C.     Post-Conviction Counsel claims

The Sixth Amendment's guarantee of effective counsel does not extend to post-conviction proceedings. *Coleman*, 501 U.S. at 752. Since habeas relief may only be awarded when a person is in custody in violation of the Constitution, there is no habeas relief for ineffectiveness of post-conviction counsel. 28 U.S.C. § 2254(a), (i). Therefore, Ground 11 is denied.

### V. Certificate of Appealability

Under 28 U.S.C. § 2253, a habeas petitioner does not have the absolute

right to appeal a district court's denial of his habeas petition; instead, he must first request a certificate of appealability (COA). See *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003). "The purpose of requiring a certificate of appealability is to conserve judicial resources by screening out clearly unmeritorious appeals." *Buie v. McAdory*, 322 F.3d 980, 981 (7th Cir. 2003). A habeas petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Miller-El*, 537 U.S. at 336; *Cosby v. Sigler*, 435 F.3d 702, 708 (7th Cir. 2006). Under this standard, the petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). While a petitioner seeking a COA need not demonstrate that he will prevail on appeal, he "must prove something more than the absence of frivolity or the existence of mere good faith on his or her part." *Miller-El*, 537 U.S. at 338 (internal quotation marks and citation omitted).

In *Slack v. McDaniel*, the United States Supreme Court explained how a district court should evaluate a request for a certificate of appealability. 529 U.S. at 483-84. When a district court has denied a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."

*Id.* at 484.  When a district court has denied a petitioner's constitutional claims on procedural grounds "without reaching the prisoner's underlying constitutional claims," a COA should issue if jurists of reason could debate whether the petition states a valid claim of denial of a constitutional right and whether the district court was correct in its procedural ruling.  *Id*. at 478.  "If success on a non-constitutional issue is essential (compliance with the statute of limitations is a good example), and there is no substantial argument that the district judge erred in resolving the non-constitutional question, then no certificate of appealability should issue even if the constitutional question alone would have justified an appeal."  *Davis v. Borgen*, 349 F.3d 1027, 1029 (7th Cir. 2003).

Here, the Court finds that no COA should issue.  With regard to the claims decided on procedural grounds, the Court finds no substantial argument that it erred in resolving the non-constiutional questions and therefore no COA should issue.  See *Davis*, 349 F.3d at 1029.  As it pertains to the claims resolved on the merits, the Court finds that Ray has failed to demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  *Slack*, 529 U.S. at 484.  Thus, the Court declines to issue a COA.

## VI. Conclusion

Accordingly, the Court **ADOPTS** the Report in its entirety (Doc. 22) and **DENIES** Ray's petition for writ of habeas corpus (Doc. 1). Thus, the Court **DISMISSES with prejudice** the petition and **DIRECTS** the Clerk of the Court to

enter judgment reflecting the same.  No COA shall issue.

**IT IS SO ORDERED.**

Signed this 21st day of November, 2012.

David R. Herndon
2012.11.21
07:32:34 -06'00'

**Chief Judge**
**United States District Court**